IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREANDAS COTTON, | No. C 06-6911 WHA (PR) |
| Petitioner, | **ORDER LIFTING STAY;** |
| vs. | **PARTIAL DISMISSAL AND ORDER TO SHOW CAUSE** |
| ROBERT L. WONG, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. Petitioner's motion for a stay of proceedings to allow him to exhaust a new claim in state court was granted. Petitioner has now exhausted and filed an amended petition containing the new claim. The stay will be lifted and the amended petition will now be reviewed to determine if an order to show cause should issue.

**DISCUSSION**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall

set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

Petitioner pleaded nolo contendere to charges of murder and attempted escape in Monterey County Superior Court. He did not appeal, but contends that he has exhausted the claims he raises here by way of state habeas petitions.

Petitioner claims that: (1) his Fourth Amendment rights were violated when police arrested him without a warrant, and that the arresting officer's reliance on knowledge of petitioner's prior offense as part of the facts giving probable cause constituted outrageous government misconduct in violation of due process; (2) the denial of his state habeas petition by the Monterey County Superior Court was contrary to, and an unreasonable application of, clearly established United States Supreme Court authority; (3) the denial of his state habeas petition by the California Court of Appeal was contrary to, and an unreasonable application of, clearly established Supreme Court authority; (4) his equal protection rights were violated by the state's refusal to provide free transcripts for use in his habeas cases, when such transcripts would be available to litigants who were able to pay for them; (5) the denial of his state habeas petition by the Supreme Court of California was contrary to, and an unreasonable application of, clearly established Supreme Court authority; and (6) his rights were violated by inclusion in the plea agreement of a waiver of the right to file habeas petitions.

**1.   ISSUES TWO, THREE, AND FIVE**

In these issues petitioner contends that the denials of his state habeas petitions by the superior court, court of appeal, and supreme court were contrary to the standard set out in 28 U.S.C. § 2254(d). That section provides that a federal district court may not grant a habeas

petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  This is not a ground for federal habeas relief, but rather is a restriction on granting such relief  These claims will be summarily denied.

**2.    ISSUE ONE**

This appears to be petitioner's main issue.  He contends that he was arrested without probable cause, a violation of his Fourth Amendment rights, and that the arresting officer's reliance on the officer's knowledge of petitioner's previous offense as part of the alleged probable cause was "outrageous government misconduct."

First, these claims were waived by petitioner's nolo contendere plea.  *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations).  Secondly, Fourth Amendment claims cannot be the basis for federal habeas relief when there is adequate opportunity to litigate such claims in state court, as there clearly is in California.  *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976).  Thirdly, the circumstances in which outrageous government conduct can amount to a due process violation are very limited.  "'The defense of outrageous government conduct is limited to extreme cases in which the government's conduct violates fundamental fairness and is shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment.' *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir.2003) (citations and internal quotation marks omitted).  We have found outrageous government conduct in instances where the government has 'engineer[ed] and direct[ed] the criminal enterprise from start to finish,' *United States v. Smith*, 924 F.2d 889, 897 (9th Cir.1991), and in 'that slim category of cases in which the police have been brutal, employing physical or psychological coercion against the defendant.' *United States v. Bogart*, 783 F.2d 1428, 1435 (9th Cir.1986) (citation omitted),

3

*vacated in part on other grounds sub nom. United States v. Wingender*, 790 F.2d 802 (9th Cir.1986)." *United States v. Fernandez*, 388 F.3d 1199, 1238 (9th Cir. 2004).  Here, the arresting officer's reliance in part upon his knowledge of petitioner's prior offense to constitute probable cause was not outrageous at all, much less sufficiently outrageous to rise to the level of a due process violation.  This claim will be summarily denied.

### 3. ISSUE FOUR

In issue four petitioner contends that his equal protection rights were violated by the state's refusal to provide free transcripts for use in his habeas cases, when such transcripts would be available to litigants who were able to pay for them.  This claim is sufficient to require a response.  *See Long v. Dist. Court of Iowa*, 385 U.S. 192, 194-95 (1966) (violation of equal protection for state to deny indigent appellant transcript for use in appeal of post-conviction relief decision when such transcripts could be purchased by those with money to afford them) (per curium).

### 4. ISSUE SIX

In issue six petitioner contends that his rights were violated by inclusion in the plea agreement of a waiver of the right to file habeas petitions.  The presence of this clause in the plea agreement did not in itself violate any constitutional right; after all, waivers of the right of direct appeal are permissible, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996), and there is no obvious reason why waiver of collateral relief should be treated any differently, *see DeRoo v. United* States, 223 F.3d 919, 923 (8th Cir. 2000).  It is true that certain rights are not waivable, such as the right to challenge a plea as not having been voluntary or to raise ineffective assistance of counsel in advising the defendant to plead guilty, *see id*. at 923-24, but that is a matter in abatement, that is, it would be raised by petitioner if waiver were asserted by the State in a collateral relief proceeding.  It is not grounds for habeas relief in itself.  This claim will be dismissed.

**CONCLUSION**

1. The stay is **LIFTED**.  The clerk shall **REOPEN** the case.

2. Petitioner's issues one, two, three, five and six are summarily **DISMISSED** as not

4

stating facts that point to a 'real possibility of constitutional error.'" *Aubut*, 431 F.2d at 689.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted as to issue four. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November   13   , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\COTTON911.OSC.wpd

5