United States District Court

For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  TREANDOUS COTTON,                          No. C 06-6911 WHA (PR)

11                          Petitioner,         **ORDER DENYING PETITION
                                                FOR A WRIT OF HABEAS**
12      vs.                                     **CORPUS**

13  ROBERT L. WONG, Warden,

14                          Respondent.
                                            /
15

16          This is a habeas case filed pro se by a state prisoner pursuant to 28 U.S.C. 2254.  .

17  Petitioner's motion for a stay of proceedings to allow him to exhaust a new claim in state court

18  was granted.  Petitioner thereafter filed an amended petition, and the stay was lifted.

19  Respondent was ordered to show cause why the writ should not be granted based on the one

20  cognizable claim in the amended petition.  Respondent has filed an answer and a memorandum

21  of points and authorities in support of it.  Petitioner has responded with a traverse.  For the

22  reasons set forth below, the petition is **DENIED**.

23                                  **STATEMENT**

24          On June 5, 2003, in Monterey County Superior Court, petitioner pled no contest to two

25  counts of first degree murder and to one count of escape (Exhs. A-C (citing Cal. Pen. Code §§

26  187, 4532(b)(1)).[1]  The trial court sentenced petitioner to two concurrent terms of twenty-five

27

28
            _____
                 [1]Unless otherwise specified, citations to "Exh." are to the exhibits in the record
        attached to respondent's answer.

years to life and one consecutive term of fours years in state prison (*ibid.*).  Petitioner did not file a direct appeal of his conviction or sentence.  His numerous petitions for a writ of habeas corpus filed in all three levels of the state court were denied between 2004 and 2007 (Exhs.D - K).

A description of the factual background of petitioner's crimes is not necessary as the only claim remaining herein concerns petitioner's attempt to obtain trial court transcripts in connection with his state habeas petitions.

## DISCUSSION

### A.    STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment

that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must0 be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, which in this case is that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.**     **ISSUE PRESENTED**

Petitioner claims that the failure to provide him with transcripts for use in connection with his state habeas petitions deprived him of his rights under the Equal Protection Clause of the Fourteenth Amendment. It is a violation of equal protection for a state to deny an indigent appellant a transcript for use in the appeal of a post-conviction relief decision when such transcripts could be purchased by those with money to afford them. *Long v. Dist. Court of Iowa*, 385 U.S. 192, 194-95 (1966) (per curium).

Here, the Monterey County Superior Court denied petitioner's motion for his trial court transcripts because he failed to make a "particularized showing that he requires the transcript in order to make an effective collateral attack on his conviction" (Amend. Pet. Exh. E at 1).

3

1  Denying an indigent petitioner a transcript for purposes of a habeas petition because the

2  petitioner failed to show "a specific need" for the transcript "does not run counter to clearly

3  established federal law." *Boyd v. Newland*, 467 F.3d 1139, 1150-51 (9th Cir. 2006) (*citing*

4  *United States v. MacCollum*, 426 U.S.317, 328 (1976)).  In *Boyd*, the Ninth Circuit upheld a

5  California appellate court rule requiring an indigent petitioner's motion for transcripts to

6  "identify the specific transcript requested" and "establish with some certainty how the requested

7  materials may be useful on appeal." *Id.* at 1150-51 & n. 6 (upholding Cal. Ct. App. First App.

8  Dist. Local Rule 6(d)).  Here, the state court denied petitioner's request for transcripts because

9  petitioner did not identify the particular transcripts he needed or explain how such transcripts

10  would help him advance his habeas claims (Amend Pet. Exh. E at 1).  Under *Boyd*, the state

11  court's ruling did not run counter to clearly established federal law.

12      In his claim, petitioner also alleges that his attorneys failed to provide him "full complete

13  work product" for purposes of petitioner's post-conviction challenges.  Any  actions by

14  petitioner's counsel are not the fault of the state courts and therefore cannot have caused an

15  equal protection violation.  Petitioner does not allege a violation of his Sixth Amendment right to

16  the effective assistance of counsel, but even if he did, there is no basis for finding counsels'

17  performance either unreasonable or prejudicial because petitioner does not identify the missing

18  "work product," let alone explain how it would have made a difference in the outcome of this

19  state habeas petitions.  *See Strickland v. Washington*, 466 U.S. 668, 686-94 (1984) (to prevail on

20  ineffectiveness of counsel claim, petitioner must establish reasonable likelihood that but for

21  counsel's unreasonable errors, result of the proceeding would have been different).

22      Consequently, petitioner is not entitled to habeas relief.[2]

23                          **CONCLUSION**

24      The petition for a writ of habeas corpus is **DENIED**.

25      Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

26  rule on whether a petitioner is entitled to a certificate of appealability in the same order in which

27  _____

28      [2]As the petition fails on its merits, respondent's alternative argument that the petition
is untimely need not be addressed.

the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January ___21___, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\COTTON911.RUL.wpd